IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| RUSSELL CATES, | § | |
| Petitioner, | § | |
| | § | 3:16-CV-2172-G |
| v. | § | 3:09-CR-0018-F |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 15, 2009, the district court sentenced Petitioner to 120 months in prison. On February 15, 2011, the Fifth Circuit Court of Appeals affirmed. *United States v. Cates*, 411 Fed. Appx. 745 (5th Cir. 2011). On April 2, 2012, the Supreme Court denied certiorari.

On July 25, 2016, the Fifth Circuit granted Petitioner leave to file the instant successive

§ 2255 petition. Petitioner claims his sentence should be vacated based on the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act's ("ACCA") "violent felony" definition is void for vagueness. On July 31, 2017, the government filed a motion to dismiss. Petitioner did not file a reply. The Court finds the petition is without merit and should be denied.

II.

Petitioner challenges his sentence under the ACCA, but he was not sentenced under the ACCA. Instead, Petitioner was sentenced as a career offender under USSG § 4B1.2(a)(2). Petitioner argues that § 4B1.2(a)(2) contains a residual clause identical to the one held to be void for vagueness in *Johnson*. Therefore, Petitioner claims his sentence under the career offender guidelines is unlawful.

Under the Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), Petitioner's claims are without merit. *Beckles* held that the sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* Petitioner's claims under *Johnson* are therefore without merit, and his petition should be denied.

III.

For the foregoing reasons, the Court recommends that the motion to vacate, set aside or

correct sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 26 day of September, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE